UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:02-cr-107 **-003** |
| | ) | *Edgar* |
| DANIEL CABERO | ) | |

**M E M O R A N D U M**

On February 21, 2003, the Court entered a final judgment of conviction against defendant Daniel Cabero ("Cabero"). [Court Doc. No. 123]. He did not take a direct appeal from the judgment and did not timely file a motion for collateral post-conviction relief pursuant to 28 U.S.C. § 2255.

In the wake of *United States v. Booker*, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), federal prisoner Cabero filed a *pro se* motion on May 9, 2005, captioned "MOTION TO AMEND OR REDUCE SENTENCE." [Court Doc. No. 151]. Cabero seeks relief from the final judgment of conviction pursuant to Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE. Cabero argues that an illegal sentence in a criminal case can be corrected at any time under FED. R. CIV. P. 60(b). Moreover, Cabero states that his Rule 60(b) motion is not to be construed or treated as a motion for post-conviction relief under 28 U.S.C. § 2255.

The motion is frivolous. Cabero cannot utilize FED. R. CIV. P. 60(b) to seek extraordinary relief from the final judgment of conviction and circumvent 28 U.S.C. § 2255. Rule 60(b) is a rule of civil procedure, not criminal procedure. Generally, FED. R. CIV. P. 60(b)

-1-

is not applicable to criminal proceedings. *United States v. Bender*, 2004 WL 898721 (6th Cir. April 26, 2004); *United States v. Diaz*, 2003 WL 22434557 (6th Cir. Oct. 24, 2003); *United States v. Hart/Cross*, 230 F.3d 1360 (Table, text at 2000 WL 1359639 (6th Cir. Sept. 15, 2000); *Williams v. United States*, 149 F.3d 1185 (Table, text at 1996 WL 384320 (6th Cir. June 18, 1998)); *United States v. Worthy*, 142 F.3d 438 (Table, text at 1998 WL 136208 (6th Cir. March 18, 1998)); *United States v. Davis*, 930 F.3d 919 (Table, text at 1991 WL 52900 (6th Cir. April 10, 1991)); *accord United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam).

This Court recognizes that FED. R. CIV. P. 60(b) may have some limited application in prisoner habeas corpus proceedings and post-conviction proceedings under 28 U.S.C. §§ 2241 and 2255. *Bender*, 2004 WL 898721; *see also In re Abu-Ali Abdur'Rahman*, 2004 WL 2847749 (6th Cir. December 13, 2004); *McQueen v. Scroggy*, 99 F.3d 1302, 1334-35 (6th Cir. 1996). In an unpublished opinion in *Bender*, 2004 WL 898721 at * 1, the Sixth Circuit states that a Rule 60(b) motion may be used to seek relief from the denial of a § 2255 motion, but only if the Rule 60(b) motion pertains to issues that were decided in the § 2255 case. The instant matter involving Cabero is neither a habeas proceeding under 28 U.S.C. § 2241 nor a § 2255 proceeding. Cabero cannot rely on this line of Sixth Circuit opinions as a basis for bringing a motion under FED. R. CIV. P. 60(b) in his criminal case to amend or reduce his sentence.

Accordingly, Cabero's motion for relief brought under FED. R. CIV. P. 60(b) will be **DENIED**. This Court does not have any jurisdiction or authority under civil Rule 60(b) to

reconsider and grant any relief to Cabero from the final judgment of conviction and sentence.

A separate order will enter.

              */s/ R. Allan Edgar*
              R. ALLAN EDGAR
           CHIEF UNITED STATES DISTRICT JUDGE